**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

Dated: February 3 2017

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-33708 |
| | ) | |
| Adam Vandesande, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

After reviewing the Disclosure of Compensation Statement of Attorney for Debtor ("Fee Disclosure') [Doc. # 1, p. 50/54] filed by Troy Hawkins, Counsel for Debtor, the court set a hearing on the reasonableness of attorney compensation given the exclusions set forth in the Fee Disclosure, as well as the cost of addressing excluded matters and the proposed hourly rate for doing so. [Doc. # 7]. A response to the court's hearing order was filed by the United States Trustee ("UST"). [Doc. # 11]. Debtor and Attorney Hawkins appeared at the hearing in person and an Attorney for the UST appeared by telephone.

Counsel's Fee Disclosure, under Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, states that Troy Hawkins, Allen Chern Law LLC, received $1,250.00 for legal services on behalf of Debtor in connection with this Chapter 7 bankruptcy case. [Doc. # 1, p. 50/54]. It states that the services to be rendered include all legal services "to reasonably achieve the debtor's objectives" unless specifically excluded in paragraph seven of the document. [*Id.*]. Paragraph seven then lists fifteen matters that are excluded, including matters that are basic Chapter 7 bankruptcy services often essential to achieving the

goal of a fresh start, such as lien avoidance motions, motions for relief from stay, reaffirmation agreements, motions to redeem personal property, and amending schedules or other documents required to be filed with the petition. [*Id.*]. The Fee Disclosure further states that, with certain exceptions subject to a contingency fee, attorney fees for performing excluded services will be billed at the rate of $395 per hour. [*Id.*].

Allen Chern Law, LLC, is specified as an affiliate of Upright Law, a law firm based in Chicago, Illinois. At the hearing, Attorney Hawkins explained that the fee agreement signed by Debtor was prepared by the Chicago firm for national use and sets forth the excluded services that he lists in his Fee Disclosure. Attorney Hawkins represented to the court that he included them in the Fee Disclosure in order to be consistent with the signed fee agreement, [*see* Ex. A], but that, in practice, he does not and will not exclude basic bankruptcy services in Chapter 7 debtor representations, including in Debtor's ongoing case. He also agrees that $395.00 per hour for the excluded services is unreasonable in a consumer Chapter 7 bankruptcy case in this jurisdiction.

Attorney Hawkins represented to the court that the firm will use a new fee agreement that provides that "[s]ervices include all representation to complete Client's legal matter, except Agreement does not include representation in any objection to discharge, adversary proceeding or any heavily contested matter or Services that could not have been contemplated after reasonable diligence by Firm when this Agreement was signed ("Additional Services")." [Ex. B]. He further represented that no more than $250.00 per hour would be charged for any Additional Services.

Under 11 U.S.C. § 329(b), if the compensation of debtor's attorney "exceeds the reasonable value of any such services, the court may cancel any such agreement . . . to the extent excessive. . . ." The court finds that the fee agreement signed by Debtor provides for compensation that exceeds the reasonable value of services set forth therein because of the exclusions for basic bankruptcy services.[1] Nevertheless, based on Attorney Hawkins' representations to the court and Debtor's testimony at the hearing, it finds that the $1,250.00 paid to him by Debtor is not excessive and is a reasonable fee in this case, provided that no additional hourly rate is charged for basic services needed to adequately represent him in this Chapter 7 case. The fee agreement signed by Debtor is cancelled to the extent that it does not require counsel to

---

[1] After the hearing, the court had the opportunity to review the entire fee agreement signed by Debtor that was offered as Exhibit A at the hearing. In addition to the long list of excluded services and the excessive hourly rate to be charged for excluded services set forth in that agreement, the court has additional concerns regarding its terms, including an additional $100.00 fee for each "in office visit" with counsel. [*See* Ex. A, ¶ 4]. The court is at this time addressing only the issues raised in its hearing order, with no other particular issues with the Fee Agreement having been raised at the hearing. The $100 additional fee for an office visit is, however, one that the court construes as within the cancellation of terms set forth in this order.

include within the $1,250 attorney fee paid by Debtor the following services: all representation to complete Debtor's Chapter 7 case, except representation in any objection to discharge, adversary proceeding or any heavily contested matter, or other services that could not have been contemplated after reasonable diligence by Counsel when the Fee Agreement was signed, and with the hourly rate for excluded services not to exceed $250 per hour.

**IT IS SO ORDERED.**

###